ANTHONY M. ISOLA (SBN 274987)
E-Mail: aisola@fisherphillips.com
ANDREW E. SAXON (SBN 227344)
E-Mail: asaxon@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Plaintiff
LESLIE HARLIEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HARLIEN, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>DELL TECHNOLOGIES INC., a Delaware corporation; DELL MARKETING L.P., a Texas limited partnership; DELL MARKETING GP L.L.C., a Delaware limited liability company,<br><br>        Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF:**<br>**(1)  DECLARATORY RELIEF; AND**<br>**(2)  VIOLATION OF CAL. BUS. & PROF. CODE §§ 16600 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leslie Harlien ("Mrs. Harlien") brings this complaint against Dell Technologies Inc., Dell Marketing L.P., and Dell Marketing GP L.L.C.(collectively, "Dell" or "Defendants") and alleges as follows:

## I.      INTRODUCTION

1.      This controversy is set against the backdrop of California's long-standing public policy favoring open competition and employee mobility, codified in Section 16600 of the California Business & Professions Code ("Section 16600"), which generally voids "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind." Furthermore, the California Legislature recently enacted legislation (Senate Bill No. 699, ch. 157, Cal.

Stat. 2023), declaring that California has a "strong interest in protecting the freedom of movement of persons whom California-based employers wish to employ to provide services in California, regardless of the person's state of residence." (*Id.*, Section 1.)  The Legislature also declared, "[t]he California courts have been clear that California's public policy against restraint of trade law trumps other state laws when an employee seeks employment in California, even if the employee had signed the contractual restraint while living outside of California and working for a non-California employer." (*Id.*) As such, the newly enacted section 16600.5 of the California Business & Professions Code states that "An employer or former employer shall not attempt to enforce a contract that is void under this chapter regardless of whether the contract was signed and the employment was maintained outside of California."

2.      By this lawsuit, Mrs. Harlien asks this Court to enforce these rights and protect her ability to earn a living in California.

3.      Mrs. Harlien is a California resident who began working for Lenovo (United States), Inc. ("Lenovo") on March 11, 2024.  She has done so under the cloud of multiple, unlawful restrictive covenants, including covenants to which she originally agreed to almost 6 years ago with her former employer, Dell, when she was a resident of Texas.  As alleged herein, these covenants purport to prohibit her from competing with Dell virtually anywhere in the country for the twelve months after she left Dell. And these covenants also purport to grant Dell a unilateral right to cancel her equity grants if Dell determines she is competing with Dell in violation of multiple unlawful restrictive covenants that are  unenforceable under California law.

4.      Anticipating Dell may attempt to enforce her restrictive covenants in Texas in violation of California's Section 16600, Mrs. Harlien has proceeded with her employment with Lenovo, and hereby seeks to enforce the protections afforded to her under California law.

5.      The unlawful restrictive covenants that stifle competition and Mrs. Harlien's ability to work in California are set forth  in the Dell Key Employee Agreement ("Dell Employment Agreement") Mrs. Harlien signed on September 7, 2018 (*see* **Exhibit A**) and in two separate "Restricted Stock Unit Agreements" pursuant to which Defendant Dell Technologies Inc. provided Mrs. Harlien with stock grants, including an RSU Agreement for fiscal year 2020, bearing an

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

"accepted" date of May 1, 2019 ("2019 RSU Agreement," **Exhibit B**) and an RSU Agreement for fiscal year 2021, bearing an "accepted" date of April 21, 2020 ("2020 RSU Agreement," **Exhibit C**) (collectively, the "RSU Agreements"). In fact, a significant portion of Mrs. Harlien's compensation was in the form of stock units, which made signing the RSU Agreements imperative in order to receive the full pay commensurate to her contributions to Dell.

6.   After Mrs. Harlien's employment with Dell ended due to a workforce reduction by Dell, she accepted a position to join Lenovo as its Vice President, ISO US Vertical Markets in San Jose, California, where she has relocated.

7.   Based on these facts, this action for declaratory and injunctive relief is necessary to prevent and enjoin Dell from enforcing the void provisions of the Dell Employment Agreement and the RSU Agreements, and to award Mrs. Harlien damages and reasonable attorneys' fees she has incurred in filing this lawsuit.

II.   **PARTIES**

8.   Plaintiff Mrs. Harlien is a citizen of the state of California and resides in Sunnyvale, California. During her employment with Dell, Mrs. Harlien was a resident of Texas. Mrs. Harlien currently works and reports to Lenovo's office in San Jose, California.

9.   Upon information and belief, Defendant Dell Technologies Inc. is a Delaware corporation with its principal place of business in Round Rock, Texas, and conducts business in Santa Clara County, California.

10.   Upon information and belief, Defendant Dell Marketing L.P. is a Texas limited partnership and registered to transact business in the State of California.  Plaintiff is further informed and believes, and based thereon alleges, that Dell Marketing L.P. is an indirect, wholly-owned subsidiary of Dell Technologies Inc..

11.   Upon information and belief, Defendant Dell Marketing GP L.L.C. is a Delaware limited liability company and registered to transact business in the State of California.  Plaintiff is informed and believes, and based thereon alleges, that Dell Marketing GP L.L.C. is an indirect, wholly-owned subsidiary of Dell Technologies Inc..

///

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF
FP 50069193.3

12.     Upon information and belief, there is such unity of ownership, interest and/or control between Defendants Dell Technologies Inc., Dell Marketing L.P., and Dell Marketing GP L.L.C. that the separate boundaries of the corporate entities no longer exist and the three are effectively alter egos of each other.

13.     Plaintiff is informed and believes, and on that basis alleges, that each Defendant was, at all times relevant to this action, the agent, the employee, general partner, representing partner, joint venturer of, or joint employer with, the remaining defendants and was acting within the course and scope of that relationship in doing the things hereinafter alleged.  Furthermore, in committing the acts and omissions alleged below, the defendants were all acting with the knowledge, consent, approval, and/or ratification of their co-defendants.

14.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly, and severally.

## III.    JURISDICTION

15.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

16.     The parties are diverse in citizenship.

17.     Mrs. Harlien is a citizen of California.

18.     Upon information and belief, Defendant Dell Technologies Inc. is a citizen of both Delaware and Texas.  Upon information and belief, Dell Technologies Inc. is a corporation incorporated under the laws of Delaware with its principal place of business in Texas.

19.     Upon information and belief, Defendant Dell Marketing L.P. is a citizen of both Delaware and Texas. Upon information and belief, Dell Marketing L.P. is a limited partnership whose sole partners are Defendant Dell Marketing GP L.L.C. and Dell Marketing LP L.L.C.   Upon information and belief, both of these partners are limited liability companies whose sole member is Dell Marketing Corporation.   Upon information and belief, Dell Marketing Corporation is incorporated under the laws of Delaware with its principal place of business in Texas.

///

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

FP 50069193.3

20.     Upon information and belief, Defendant Dell Marketing GP L.L.C. is a citizen of both Delaware and Texas.  As alleged in the immediately preceding paragraph, upon information and belief, Dell Marketing GP L.L.C. is a limited liability company whose sole member is Dell Marketing Corporation.  Upon information and belief, Dell Marketing Corporation is incorporated under the laws of Delaware with its principal place of business in Texas.

21.     The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332. The value of Mrs. Harlien's stock compensation that is potentially subject to forfeiture under the RSU Agreement, alone, exceeds $75,000.  In addition, Mrs. Harlien's annual salary at both Dell and Lenovo exceed $75,000. Further, Mrs. Harlien produced more than $75,000 in profit for Dell during each of the years immediately preceding her departure from Dell.  In addition, if Dell were to file a legal action to enforce Sections 1(c), 1(d), and the forum-selection clause of 13(b) of the Dell Employment Agreement described herein, or if Dell were to cause a forfeiture of her stock grants pursuant to the RSU Agreements, Mrs. Harlien's attorneys' fees, which are recoverable under Cal Bus. & Prof. Code § 16600.5, would also exceed $75,000.

## IV.     VENUE

22.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Dell does business in Santa Clara County and maintains multiple offices in this judicial district. Mrs. Harlien resides and performs work for Lenovo in this judicial district and Mrs. Harlien is performing services for Lenovo in this judicial district and such services are similar to her prior job duties as an employee of Dell. The harm to Mrs. Harlien occurred in this judicial district.

## V.     DIVISIONAL ASSIGNMENT

23.     Assignment to the San Jose Division is appropriate under Civil Local Rules 3-2(c) and (e) because  a substantial part of the events giving rise to this action occurred in Santa Clara County. Specifically, enforcement of Mrs. Harlien's restrictive covenants will interfere with Mrs. Harlien's substantive rights in this judicial district, where she is employed with Lenovo and competing with Dell. Plaintiff Mrs. Harlien resides and works for Lenovo in Santa Clara County, wherein Dell also

///

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

FP 50069193.3

operates. Plaintiff is performing services for Lenovo in and from Santa Clara County and such services are similar to her prior job duties as an employee of Dell.

## VI.   BACKGROUND FACTS

### A.   Mrs. Harlien's Employment with Dell

24.     Mrs. Harlien's employment with Dell ended on February 23, 2024, due to a workforce reduction conducted by Dell. At the time, Mrs. Harlien held the title of Dell's Vice President of Public Business Development and Strategy.

25.     In connection with her employment with Dell, Mrs. Harlien was required to sign the Dell Employment Agreement, which contained various restrictive covenants, including subsections (c) and (d) of Section 1.

26.     Section 1(c) of the Dell Employment Agreement imposes a non-compete on Mrs. Harlien by which she is purportedly prohibited from competing with Dell for a 12-month period following her employment with Dell.  Section 1(c) provides, in part:

> **(c) Restrictions on Providing Services to a Competitor.** During my employment and for the twelve (12) month period following the end of my employment with the Company for any reason, I will not, directly or indirectly, provide Competitive Services (whether as an employee, consultant, independent contractor, member of a board of directors, or in any other capacity) in any Covered Region to any Competitor. "Competitor" means any entity that is researching, developing, producing, marketing, soliciting, or selling products or services competitive with products or services being researched, developed, produced, marketed, solicited, or sold by any Dell business unit, division, department, product line, subsidiary, or affiliated company. "Competitive Services" means duties or services that: (i) are similar to the duties or services I performed for the Company during the 24-month period prior to my last day of active employment; (ii) involve the management or oversight of others who perform duties or services similar to the duties or services I performed for the Company during the 24-month period prior to my last day of active employment; (iii) would be reasonably likely to risk the disclosure and/or use of Confidential Information to which I had access during the 24-month period prior to my last day of active employment. "Covered Region" means: (1) the geographic region or regions in which I performed services or for which I had responsibility for the Company, and/or (2) the geographic region or regions for which I had Confidential Information of the Company, in each case during the 24-month period prior to my last day of active employment. I agree my employment with a Competitor will be deemed to occur within a Covered Region to the extent my duties or responsibilities for the Competitor target or specifically relate to a geographic region or country within the Covered Region, regardless of where my physical work

///

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF
FP 50069193.3

site for the Competitor is located. I acknowledge and agree the Company conducts business globally, that my duties relate to products and services that are offered and compete on no less than a national level and often on a global level, that the Confidential Information entrusted to me would have value to a Competitor anywhere in the world, and that the foregoing provisions are therefore reasonable and necessary to protect the Company's legitimate interests.

27. Section 1(d) of the Dell Employment Agreement similarly purports to restrain Mrs. Harlien from engaging in her chosen profession for the same, 12-month period following her employment with Dell:

**(d) Restrictions on Solicitation or Servicing of Company Customers and Channel Partners.** During my employment with the Company and for the twelve (12) month period following the end of my employment with the Company for any reason, I will not directly or indirectly:

(i) Solicit a customer, channel partner, potential customer, or potential channel partner of the Company with whom I had dealings on behalf of the Company within the last twenty-four months of my employment with the Company or about whom I obtained Confidential Information ("Customer or Channel Partner"), to purchase products and/or services competitive with the Company's products or services;

(ii) Provide a Customer or Channel Partner with products and/or services competitive with the Company's products or services;

(iii) Provide to or perform for a Customer or Channel Partner consulting or other services (as an employee, contractor, or in any other capacity) of the same or similar type that I provided to that Customer or Channel Partner on behalf of the Company during the last twenty-four (24) months of my active employment with Company.

28. Section 1(f) of the Dell Employment Agreement extends the 12-month period set forth in subsections (c) and (d) quoted above "by a period equal to the total number of days in which [she is] in breach of such obligation(s)."

29. Sections 1(c) and 1(d) of the Dell Employment Agreement contain an exclusion for California employees: "*For California employees only*: If, as of my last day of employment with the Company, and at the time enforcement of this provision is sought, I work in the state of California, the restrictions in [Sections 1(c) and 1(d)] will not apply but I will be prohibited from engaging in unfair competition using the Company's trade secrets as defined by California law." This language in the Dell Employment Agreement is an acknowledgement that these restrictive covenants are not enforceable under California law.

30.     Section 13(b) of the Dell Employment Agreement also purports to require Mrs. Harlien to submit to the jurisdiction of state and federal courts in Williamson County, Texas: "[f]or any dispute for which the forum and venue are not fixed by my agreement to arbitrate with the Company, the exclusive forum and venue shall be the state courts of Texas situated in Williamson County, Texas, or the federal courts with jurisdiction over Williamson County, Texas…."

31.     Section 13(d) of the Dell Employment Agreement has a waiver of a trial by jury for any disputes between Mrs. Harlien and Dell, including, but not limited to, disputes related to the Dell Employment Agreement or Mrs. Harlien's employment with Dell.

32.     As part of her compensation from Dell, Mrs. Harlien was granted Restricted Stock Units through the 2019 RSU Agreement and the 2020 RSU Agreement, among other stock grants not at issue here.

33.     Both of the RSU Agreements provided that Mrs. Harlien would be awarded certain shares of Dell stock, subject to a vesting schedule.

34.     Both of the RSU Agreements also contained various restrictive covenants. Section 6 of both RSU Agreements imposes identical (save for changes to a few hyphens and additional language applicable to Massachusetts residents) unlawful non-competition and not-solicitation provisions on Mrs. Harlien to maintain the compensation she earned for her services to Dell: You further understand and agree that if the Company, acting through the Committee, determines that you engaged in "Conduct Detrimental to the Company" (as defined below) during your Employment or during the one-year period following the termination of your Employment, you shall, upon demand, return to the Company, in the form of a cash payment, certain share value ("Returnable Share Value"). For purposes of this provision, "Returnable Share Value" means a cash amount equal to the gross value of the Shares that were issued to you pursuant to this Agreement….

"Conduct Detrimental to the Company" [includes that] you engaged in Conflicting Activities [which means] you, without the advance, express, written consent of the Company's Chief Human Resources Officer: …

(c) work or perform services (including contract, consulting or advisory services) for a Competitor in any geographic area where the Company conducts business, if your work or services (i) are similar in any material way to the work or services you performed for the Company in the twenty-four month period preceding the termination of your

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF
FP 50069193.3

Employment or (ii) could result in you using the Company's confidential information or trade secrets; or

(d) solicit, divert, take away (or attempt to solicit, divert, or take away), directly or by assistance of others, any business from the Company's clients or customers (including actively sought clients or customers) with whom you have or have had material contact during your Employment, for purposes of providing products or services that are competitive with those provided by the Company.

You understand and agree that neither this provision nor any other provision of this Agreement prohibits you from engaging in Conduct Detrimental to the Company, but only requires repayment of Returnable Share Value if you engage in Conduct Detrimental to the Company.

….

The Committee shall have complete and absolute authority to make any factual findings and to construe and interpret the provisions of this Agreement, including but not limited to any determination as to whether you have engaged in "Conduct Detrimental to the Company." Any such interpretations or determinations by the Committee will be final, binding, and conclusive on you, your beneficiaries or successors, the Company and all other interested persons.

35.     Both RSU Agreements include the following choice-of-law and forum-selection clause in paragraph 14: "This Agreement and the Plan shall be governed by, and construed in accordance with, the laws of the State of Delaware, United States of America, without regard to conflict of laws principles thereof. For any dispute for which the forum and venue are not fixed by your agreement to arbitrate with the Company, the exclusive venue for any and all disputes arising out of or in connection with this Agreement shall be New Castle County, Delaware, United States of America, and the courts sitting exclusively in New Castle County, Delaware, United States of America shall have exclusive jurisdiction to adjudicate such disputes."

36.     Mrs. Harlien worked for Dell until February 23, 2024, when her employment was terminated by Dell due to a workforce reduction.

37.     Mrs. Harlien accepted an offer of employment from Lenovo as Vice President, ISO US Vertical Markets, based out of Lenovo's offices in San Jose, California.  Mrs. Harlien now resides in Sunnyvale, California, and she began working for Lenovo in San Jose on March 11, 2024.

///

///

38.     The collective Lenovo enterprise provides a full portfolio of information technology solutions, including, but not limited to, products and services that are competitive with Dell's products and services.

39.     As part of Mrs. Harlien's new role at Lenovo, Mrs. Harlien is providing some services to Lenovo that are similar to the services she performed for Dell during the 24-month period prior to the last day of her active employment with Dell.[1] For example, as an employee of Dell, Mrs. Harlien provided services related to Dell's public sector customers. At Lenovo, Mrs. Harlien will be leading teams engaged in selling products and services to Lenovo's public sector customers. Furthermore, Mrs. Harlien will be providing these services for Lenovo in a geographic region in which she performed services for Dell.

40.     Although Mrs. Harlien has already begun her employment with Lenovo, which entails her performing services for Lenovo that were similar to her job duties as a Dell employee, she is doing so with the ongoing fear that she will be hauled into a Texas court by Dell, seeking to enforce the non-competes in the Dell Employment Agreement.  Mrs. Harlien also fears that Dell will treat her conduct as a basis for forfeiture of her stock grants under the RSU Agreements and sue her in a Delaware court to enforce this forfeiture.

41.     Mrs. Harlien's fears that Dell will attempt to enforce the non-compete and forum-selection provisions of the Dell Employment Agreement and the RSU Agreements are, in part, based on the fact that Dell has previously used civil litigation in an effort to enforce the non-compete provisions of the "Dell Key Employment Agreement", as well as the position Dell has already taken when offboarding Mrs. Harlien:  Dell conditioned its severance offer, in writing, on her promise that she will comply with her obligations purportedly owed by Mrs. Harlien pursuant to the Dell Employment Agreement. Mrs. Harlien forewent Dell's separation agreement because of this issue, being fearful of enforcement by Dell of the unlawful non-competition provisions.

///

---

[1] Mrs. Harlien's new duties at Lenovo have some distinctions from her past work at Dell, during the final twenty-four months of her employment at Dell. As one example, Mrs. Harlien did not work with federal government customers during the last two years of her employment at Dell, but will do so at Lenovo.

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

FP 50069193.3

42.     Although Mrs. Harlien is concerned that Dell will pursue enforcement of its noncompete and forum selection clauses by filing a legal action, Dell would have no cause to pursue any claim for breach of any confidentiality obligation.  Not only has Mrs. Harlien not taken any confidential or trade secret information belonging to Dell, but she has also begun employment with a company that has strict processes and policies in place to ensure that Mrs. Harlien does not use or disclose any purported confidential information belonging to Dell. The following are examples of such processes and policies:

- Lenovo's offer letter to Mrs. Harlien states:
  [Y]ou will not, in connection with your employment by Lenovo, use or disclose any confidential information you obtained in connection with any former employment, and … prior to commencing your employment with Lenovo you will have returned to your former employers all property of the employers, including without limitation customer lists, employee directories, strategic plans and business plans.

  Upon your arrival at Lenovo, you must not have any information belonging to a former employer in your possession or control in any form, including without limitation, at home or on any personal computer, data storage device or storage medium. You will be required to certify this upon your arrival at Lenovo. You must not obtain any such information after the commencement of your employment with Lenovo.

- Lenovo's onboarding process includes a written confirmation that Mrs. Harlien does not possess any confidential information belonging to her former employer.
- Lenovo reiterates its policy against Lenovo employees retaining and using property of former employers in other agreements and policies that apply to Mrs. Harlien's employment with Lenovo, like Lenovo's Agreement regarding Confidential Information and Code of Conduct.

43.     Mrs. Harlien now faces the imminent threat of litigation that seeks to deprive her ability to engage in her chosen profession in California as a California resident and require her to forfeit compensation she previously received from Dell under the RSU Agreements. As a result, Mrs. Harlien has been left no choice but to seek declaratory and injunctive relief.

///

///

///

11

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

## FIRST CLAIM

### DECLARATORY RELIEF

### (As Against All Defendants)

44.    Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth fully within.

45.    An actual controversy has arisen and now exists between the parties concerning the parties' respective rights, duties, and obligations under Sections 1(c), 1(d), and section 13(b) of the Dell Employment Agreement. Specifically, an actual controversy has arisen and exists as to the legality, validity, and enforceability of (i) the contractual restraints on trade imposed on Mrs. Harlien by Dell, including the non-competition and non-solicitation provisions set forth in Sections 1(c) and 1(d) of the Dell Employment Agreement; and (ii) the forum-selection language in Section 13(b) of the Dell Employment Agreement. A judicial declaration is necessary and appropriate at this time so that the parties can assess their rights and duties under these provisions of the Dell Employment Agreement.

46.    Plaintiff believes that the contractual restraints on trade imposed by Dell through sections 1(c) and 1(d) of the Dell Employment Agreement are void under California law and unenforceable. Plaintiff also believes that the forum-selection provision set forth in section 13(b) of the Dell Employment Agreement is an improper and unenforceable attempt to avoid a California forum in violation of California Business and Professions Code section 16600 *et seq.*, along with California's fundamental public policies favoring competition. Furthermore, the forum-selection provision set forth in section 13(b) of the Dell Employment Agreement is improper and unenforceable given the risk that a non-California court will enforce the broad waiver of a jury trial in section 13(d) of the Dell Employment Agreement that is also against Section 16 of California's Constitution, and Cal. Code of Civil Procedure section 631, regarding a right to a jury trial.

47.    In addition, an actual controversy has arisen and now exists between the parties concerning the parties' respective rights, duties, and obligations under Section 6 and 14 of both the 2019 RSU Agreement and the 2020 RSU Agreement. Specifically, an actual controversy has arisen and exists as to the legality, validity, and enforceability of (i) the forfeiture provisions tied to conduct

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

that Dell solely determines to constitute a breach of the non-competition and non-solicitation provisions of the 2019 RSU Agreement and/or the 2020 RSU Agreement, and (ii) the Delaware choice-of-law and Delaware forum-selection clauses set forth in section 14 of both the 2019 RSU Agreement and the 2020 RSU Agreement.

48.     Plaintiff believes that the contractual restraints on trade imposed on Mrs. Harlien by Dell through sections 6 of the 2019 and 2020 RSU Agreements are void under California law and unenforceable. Plaintiff also believes that the choice-of-law and forum-selection provisions set forth in section 14 of both RSU Agreements are improper and unenforceable attempts to avoid California law and a California forum in violation of California Business and Professions Code section 16600 *et seq.*, along with California's fundamental public policies favoring competition. Furthermore, the forum-selection provisions set forth in section 14 of both RSU Agreements are improper and unenforceable given the risk that a non-California court will enforce the broad waiver of a jury trial in section 13(d) of the Dell Employment Agreement that is also contrary to Section 16 of California's Constitution and Cal. Code of Civil Procedure section 631 regarding a right to a jury trial.

49.     Plaintiff is informed and believes, and based thereon alleges, that Dell contends that each of the above-quoted provisions of both the Dell Employment Agreement and the RSU Agreements are valid and enforceable.

50.     California law is clear that the non-competition, non-solicitation, and choice of law and forum selection provisions of the Dell Employment Agreement and the RSU Agreements are void and unenforceable.  These provisions interfere with Mrs. Harlien's ability to engage in a chosen business, trade, and profession, and interfere with Mrs. Harlien's right to earn a living in her chosen profession in California.   These provisions violate the prohibitions against covenants not to compete set forth in California Business and Professions Code section 16600 *et seq.*, along with California's fundamental public policies favoring competition. These provisions also violate Section 16 of California's Constitution, and Cal. Code of Civil Procedure section 631, regarding a right to a jury trial.

51.     Accordingly, Plaintiff requests, *inter alia*, entry of judgment in her favor declaring that:

a.     the contractual restraints imposed on Mrs. Harlien as to the non-competition and non-solicitation provisions of Sections 1(c) and 1(d) of the Dell Key

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF
FP 50069193.3

Employee Agreement, signed on September 7, 2018 by Mrs. Harlien, are void pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.* and fundamental policies of California;

b. the forum-selection clause of Section 13(b) of the Dell Key Employee Agreement, signed on September 7, 2018 by Mrs. Harlien, is (i) void pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.*, in that Dell may not evade California's sovereign authority to regulate trade in California by imposing forum selection provisions on Mrs. Harlien in violation of, *inter alia*, California's unfair competition laws and California public policy against restraint of trade, as well as (ii) void pursuant to Section 16 of California's Constitution, and Cal. Code of Civil Procedure section 631, regarding a right to a jury trial;

c. the contractual restraints imposed on Mrs. Harlien as to the non-competition and non-solicitation provisions that are among the conduct qualifying as "Conflicting Activities" of Section 6 of the 2019 RSU Agreement and the 2020 RSU Agreement are void pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.* and fundamental policies of California; and

d. the Delaware choice-of-law and forum-selection provisions set forth in Section 14 of the 2019 RSU Agreement and the 2020 RSU Agreement are (i) void pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.*, in that Dell may not evade California's sovereign authority to regulate trade in California by imposing forum selection provisions on Mrs. Harlien in violation of, *inter alia*, California's unfair competition laws and California public policy against restraint of trade as well as (ii) void pursuant to Section 16 of California's Constitution, and Cal. Code of Civil Procedure section 631, regarding a right to a jury trial.

///

///

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

FP 50069193.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND CLAIM**

**VIOLATION OF CAL. BUS. & PROF. CODE §§ 16600 *ET SEQ.***

**(As Against All Defendants)**

52.    Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth fully within.

53.    Cal. Bus. & Prof. Code section 16600.1(a) provides that "It shall be unlawful to include a noncompete clause in an employment contract, or to require an employee to enter a noncompete agreement, that does not satisfy an exception in this chapter."  Section 1600.1(c) provides that "A violation of this section constitutes an act of unfair competition within the meaning of Chapter 5(commencing with Section 17200)."

54.    As a condition of her employment with Dell and obtaining full compensation from Dell, Mrs. Harlien was required to agree to multiple provisions that violate Section 16600 *et seq.* of the California Business & Professions Code.  Those provisions included:

        a.    the non-competition and non-solicitation provisions of Sections 1(c) and 1(d), as well as the forum-selection provision of Section 13(b), of the Dell Employee Agreement.

        b.    the non-competition and non-solicitation provisions that are among the conduct qualifying as "Conflicting Activities," as well as the choice-of-law and forum-selection provisions in Section 14, of the RSU Agreements.

55.    Section 16600.5(d) provides that an "employer that enters into a contract that is void under this chapter or attempts to enforce a contract that is void under this chapter commits a civil violation." Cal. Bus. Prof. Code section 16600.5(b) provides that a "former employer shall not attempt to enforce a contract that is void under this chapter regardless of whether the contract was signed and the employment was maintained outside of California."

56.    Dell has violated Section 16600 *et seq.* by including noncompete clauses in employment contracts that do not satisfy an exception in this chapter of the California Business & Professions Code.

*///*

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

FP 50069193.3

57.     Dell has also violated Section 16600 *et seq.* by conditioning its separation agreement, which included a severance payment, on Mrs. Harlien's agreement to abide by her obligations set forth in, *inter alia*, the Dell Employment Agreement.

58.     Section 16600.5(e)(1) of the California Business & Professions Code provides that "[a]n employee, former employee, or prospective employee may bring a private action to enforce this chapter for injunctive relief or the recovery of actual damages, or both." Cal. Bus. & Prof. Code § 16600.5(e)(2).

59.     Cal. Bus. & Prof. Code § 16600.5(e)(2) provides that "[i]n addition to the remedies described in paragraph (1), a prevailing employee, former employee, or prospective employee in an action based on a violation of this chapter shall be entitled to recover reasonable attorney's fees and costs."

60.     Mrs. Harlien is entitled to injunctive relief, damages and recovery of her attorney's fees and costs as a result of Dell's violations of Section 16600 *et seq.* of the California Business & Professions Code.

61.     Mrs. Harlien has been damaged by the above-alleged violations of Section 16600 *et seq.* of the California Business & Professions Code, and she has suffered emotional distress due to Dell's conduct.

62.     Injunctive relief here is necessary and appropriate to prevent Dell (i) from seeking to enforce the contractual restraints on trade imposed on Mrs. Harlien, including the non-competition and non-solicitation provisions set forth in Sections 1(c) and 1(d) of the Dell Employment Agreement; (ii) from seeking to enforce the forum-selection language in Section 13(b) of the Dell Employment Agreement; (iii) from causing a forfeiture of all stock grants issued pursuant to the non-competition and non-solicitation provisions that are among the conduct qualifying as "Conflicting Activities" of Section 6 of the 2019 RSU Agreement and the 2020 RSU Agreement; and (iv) from enforcing the Delaware choice-of-law and forum-selection provisions set forth in Section 14 of the 2019 RSU Agreement and the 2020 RSU Agreement.

63.     Absent injunctive relief, Mrs. Harlien will be irreparably harmed by Dell's anticipated unlawful and wrongful conduct.  California law governs disputes with respect to non-competition and non-solicitation provisions contained within the Dell Employment Agreement, the 2019 RSU

Agreement, and the 2020 RSU Agreement.  As such, any application of the laws of any state other than California to all of the non-competition and non-solicitation provisions alleged herein constitutes an attempt to avoid California law and public policy favoring open competition.   If the unlawful covenants are enforced, Mrs. Harlien will be prohibited from engaging in her chosen profession in California.

64.     In the absence of appropriate injunctive relief, Plaintiff has no adequate remedy at law. The balance of hardships favors issuance of injunctive relief, and Plaintiff has a probability of success on the merits of her claims.  Moreover, injunctive relief is appropriate to avoid the necessity of multiple legal proceedings.

65.     Because Plaintiff does not have an adequate remedy at law and Defendant's anticipated use of restraints of trade is contrary to the public interest, Plaintiff requests entry of a preliminary and permanent injunction prohibiting Dell from enforcing the non-compete and non-solicit provisions set forth in Sections 1(c) and 1(d) of the Dell Employment Agreement, section 6 of the RSU Agreements, as well as the forum selection provisions in each of these agreements and the choice-of-law provision in the RSU Agreements.

66.     Plaintiff seeks injunctive relief, damages, and reasonable attorneys' fees and costs as specified in the prayer below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.     A declaratory judgment against Defendants that:

a.   the contractual restraints imposed on Mrs. Harlien as to the non-competition and non-solicitation provisions of Sections 1(c) and 1(d) of the Dell Key Employee Agreement, signed on September 7, 2018 by Mrs. Harlien, are void pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.* and fundamental policies of California;

b.   the forum-selection clause of Section 13(b) of the Dell Key Employee Agreement, signed on September 7, 2018 by Mrs. Harlien, is (i) void pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.*, in that Dell may not evade

17

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

1   California's sovereign authority to regulate trade in California by imposing

2   forum selection provisions on Mrs. Harlien in violation of, *inter alia*,

3   California's unfair competition laws and California public policy against

4   restraint of trade,  as well as (ii) void pursuant to California's Section 16 of

5   California's Constitution, and Cal. Code of Civil Procedure section 631,

6   regarding a right to a jury trial;

7       c.   the contractual restraints imposed on Mrs. Harlien as to the non-competition

8           and non-solicitation provisions that are among the conduct qualifying as

9           "Conflicting Activities" of Section 6 of the 2019 RSU Agreement and the 2020

10          RSU Agreement are void pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.*

11          and fundamental policies of California; and

12      d.   the Delaware choice-of-law and forum-selection provisions set forth in Section

13          14 of  the 2019 RSU Agreement and the 2020 RSU Agreement are (i) void

14          pursuant to Cal. Bus. & Prof. Code §§ 16600 *et seq.*, in that Dell may not evade

15          California's sovereign authority to regulate trade in California by imposing

16          forum selection provisions on Mrs. Harlien in violation of, *inter alia*,

17          California's unfair competition laws and California public policy against

18          restraint of trade, as well as (ii) void pursuant to Section 16 of California's

19          Constitution, and Cal. Code of Civil Procedure section 631, regarding a right to

20          a jury trial.

21  2.  A preliminary and permanent injunction against Dell, including its officers, agents,

22      servants, employees, and attorneys, and those in active participation with them,

23      restraining and enjoining them from (a) seeking to enforce Sections 1(c), 1(d), and the

24      Texas forum-selection provision of Section 13(b) of the Dell Employment Agreement;

25      (b) seeking to enforce the Delaware choice-of-law and forum-selection provisions set

26      forth in Section 14 of the RSU Agreements, as well as the forfeiture provision tied to the

27      unlawful non-competition and non-solicitation provisions that are among the conduct

28      qualifying as "Conflicting Activities" of Section 6 of both the RSU Agreements.

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

3.     For costs of suit including reasonable attorneys' fees as authorized by Cal. Bus. & Prof. Code § 16600.5(e)(2).

4.     For damages and such other relief as is just and proper.

Dated:  March 22, 2024                    FISHER & PHILLIPS, LLP

                              By: _____
                                  ANTHONY M. ISOLA
                                  ANDREW E. SAXON
                                  Attorneys for Plaintiff
                                  LESLIE HARLIEN

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all appropriate issues raised in this Complaint.

Dated:  March 22, 2024                    FISHER & PHILLIPS LLP

                              By: _____
                                  ANTHONY M. ISOLA
                                  ANDREW E. SAXON
                                  Attorneys for Plaintiff
                                  LESLIE HARLIEN

19

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

FP 50069193.3